BOSTON EXCELSIOR CO. v. CONTINENTAL ASPHALT PAVING CO. et al.

(Supreme Court, Appellate Term. February 5, 1909.)

MUNICIPAL CORPORATIONS (§ 809*)—OPENING IN STREET—INJURY TO HORSE—
LIABILITY OF CONTRACTOR.

Recovery for injury to a horse from stepping into a hydrant gate box in a street cannot be had of the contractor for installing such box; the evidence not showing that the cover was thrown off of the box through any defect in its construction, unless its design, which was that of the city, was defective, and there being no evidence that the contractor was otherwise responsible for the removal of the cover.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1689; Dec. Dig. § 809.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Boston Excelsior Company against the Continental Asphalt Paving Company, impleaded with the City of New York. From a judgment for plaintiff, defendant Paving Company appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Kellogg & Rose (Franklin Nevius, of counsel), for appellant.
William L. O'Brion, for respondent.

GILDERSLEEVE, P. J. This is an appeal by the defendant Continental Asphalt Paving Company from a judgment rendered in favor of the plaintiff and against the defendants for the sum of $379.41, damages and costs. The defendant Continental Asphalt Paving Com-

pany was the contractor for the construction of a certain section of the high-pressure fire system for the city of New York. Among the streets in which said high-pressure fire system was to be installed was the section of Greenwich avenue, near Bank street, in the borough of Manhattan, city of New York. The work to be done by the defendant Continental Asphalt Paving Company consisted of excavation, the laying of the mains, and the installation of certain hydrants and of certain hydrant gate boxes necessary for the operation of such high-pressure fire system. The defendant appellant in the summer of 1906 had completed the excavation and laying of the mains and the installation of a hydrant gate box on Greenwich avenue, near Bank street, and had relaid the asphalt pavement on such street, and the street was open and used for traffic, although certain other parts of the contract on other streets had not as yet been completed. The defendant Continental Asphalt Paving Company had installed on Greenwich avenue, about 60 feet west of Bank street, on the west side of the avenue, a certain hydrant gate box. The plaintiff's testimony is that a horse owned by it, while being driven on Greenwich avenue on the 3d day of December, 1906, stepped into the hole or opening of the gate box; the said gate box cover having been off of the opening at the time. The horse's leg was broken, necessitating its being shot. It was testified by the plaintiff's witness Jacob Lason that at the time the accident happened 'the cover was not on the gate box, but was entirely off the hole, and that the horse stepped directly into the hole. His testimony on this point is as follows:

"Q. Was the cover in place when the horse stepped on it? A. No, sir; the cover was not on top of the hole when the horse stepped upon it. Q. Was the cover off the hole when the horse stepped into it? A. The hole was just in the middle of the track. The cover was entirely off the hole. Q. And the horse came along and stepped into it? A. Yes, sir."

There was no question in the case as to the value of the horse; the sole question, as to defendant appellant, being whether or not it had been negligent in the construction of the gate box or could be charged with any negligence in connection therewith, or was guilty of maintaining a nuisance by permitting the cover to be left off the gate box.

The appellant claims (1) that there was no negligence on its part in the construction of the gate box, and (2) that if recovery was had upon the theory of nuisance in permitting the cover of the hole to remain off of the hole, from which the accident resulted, the fault is that of the city of New York, and no judgment should have been given against the defendant Continental Asphalt Paving Company.

Under the terms of the contract between the city of New York and the defendant Continental Asphalt Paving Company, under which the hydrant gate box was constructed, it was subject to inspection and was inspected by the inspectors appointed by the city of New York under the contract at the foundry where it was cast at Buffalo, N. Y. The gate box was. actually tested at the foundry before being erected on the work, and was actually constructed in accordance with the requirements of said contract. The witness Drier, however, testified that the gate box cover was thicker on one side than on the other. His testimony on the subject on cross-examination is as follows:

"Q. How much thicker? A. So little that I did not take pains to examine it. Q. One-sixteenth of an inch? A. It might have been that. Q. Give your best recollection about it. A. I did not measure it. Q. Have you had experience with making measurements? A. About one-sixteenth of an inch in places. Q. And so you could see a cover one-sixteenth of an inch larger on top or one side or the other would be out of place in the hole? A. Yes, sir."

He testified, further, that the additional thickness of the gate box cover was in the top of the cover, and not in the flanges. He stated that his idea as to the increased thickness on the top of the cover was based only from observing the cover by eye, and not from measurements. It seems to us, in view of the testimony of the defendant's witness Neff that the cover was constructed in accordance with the contract drawing, and of the testimony of the witness Machen that all the covers were inspected and tested at the foundry before being used in the work, that it must be taken that the cover was in accordance with the contract drawings, and that the negligence, if any, in the construction of the cover, seems to be attributable to the city, under whose supervision and according to whose designs it was made, and not to the appellant.

As, however, the city is not before us on this appeal, it is unnecessary to discuss the question of its liability or freedom therefrom. The evidence does not show that the cover was thrown off from the gate box through any defect in its construction, other, possibly, than the defect of design, which was not the fault of the appellant or due to its negligence. If the recovery was had upon the theory that the hole constituted a nuisance in its uncovered condition, then the city might have been liable for such nuisance; but the appellant cannot be held therefor, in the absence of proof that it was responsible for the removal of the cover and the hole being left exposed. The street, where the gate box was located, had been completely repaved, turned over to the city, and thrown open to traffic. No work had been done on the street for a considerable time. However, as we have said, we express no opinion as to liability of the city. There is no proof of the responsibility of the appellant for the removal of the cover, which removal was the cause of the accident, and the judgment must be reversed as to this appellant.

Judgment as to the Continental Asphalt Paving Company reversed, and new trial ordered, with costs to appellant to abide the event. All concur.